IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-0865-13






ROBERT WHITFIELD, Appellant 


v.


THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

FROM THE FIRST COURT OF APPEALS

FREESTONE COUNTY




 Price, J., filed a concurring opinion.


CONCURRING OPINION


 I join the Court's opinion. We were certainly right in Holloway to characterize an
opinion on the sufficiency of the evidence to support a convicting court's favorable finding
under Article 64.04 as "advisory in nature." (1) But I agree with the Court that we were wrong
to conclude that the advisory nature of such an opinion would necessarily mean that the
appellate court lacked jurisdiction. For reasons the Court explains today, I believe that the
Legislature has conferred jurisdiction on the courts of appeals to render what Holloway itself
made clear are in the nature of "advisory" opinions (2)--at least with respect to findings under
Article 64.04 that are unfavorable to Chapter 64 applicants. (3) Whether the State is entitled
to appeal from a favorable finding under Article 64.04 is a question for another day, but the
possibility remains that we were right (if for the wrong reason) not to reach the merits in
Holloway. (4)


FILED: May 7, 2014

PUBLISH
1. State v. Holloway, 360 S.W.3d 480, 490 (Tex. Crim. App. 2012); Tex. Code Crim. Proc.
art. 64.04.
2. See id. at 486-87 (Chapter 64 provides for a finding with respect to the results of any DNA
testing that may have been permitted, but "[i]t does not expressly go on to provide for any remedial
action by the convicting court on the basis of that finding"). In the absence of any remedial provision
in Chapter 64 itself, any appeal from the finding contemplated by Article 64.04 would be, indeed,
"advisory in nature." Id. at 490. Nevertheless, I agree with the Court today that Article 64.05
constitutes a legislative endowment of jurisdiction upon the courts of appeals, in keeping with Article
V, Section 6 of the Texas Constitution, to review an Article 64.04 finding--"advisory" though any
appellate opinion with respect to that finding may be. See Majority Opinion at 3-7 (citing Tex. Const.
art. V, § 6; Tex. Code Crim. Proc. art. 64.05).
3. Tex. Code Crim. Proc. ch. 64; id. art. 64.04.
4. Article 64.04 authorizes nothing more than a finding from the convicting court. It does not
authorize that court to issue an order of any kind. "Indeed, the only substantive order that Chapter 64
contemplates is the one that grants or denies the movant's request for DNA testing." Holloway, 360
S.W.3d at 486. But the only thing that Article 44.01 of the Texas Code of Criminal Procedure entitles
the State to appeal from Chapter 64 proceedings is "an order . . . issued under Chapter 64." Tex. Code
Crim. Proc. art. 44.01(a)(6). Since "[a]n appeal under [Chapter 64] is . . . in the same manner as an
appeal of any other criminal matter," Tex. Code Crim. Proc. art. 64.05, and a favorable finding under
Article 64.04 arguably does not constitute an "order" in contemplation of Article 44.01(a)(6), we may
have correctly declined to address the State's second argument in Holloway, albeit for the wrong
reason. We need not resolve that question in the case presently before us.